982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles E. JOHNSON, Plaintiff Appellant,
v.
Walter LEAPLEY, Warden of the South Dakota State
Penitentiary; Roger Tellinghuisen, Attorney
General of the State of South Dakota,
Defendants Appellees.
 No. 91-3447.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: November 10, 1992.
 
 1
 Before BOWMAN, LOKEN, Circuit Judges, and HUNTER,* Senior District Judge.
 
 PER CURIAM
 
 2
 Charles E. Johnson appeals the district court's[1] denial of his petition for a writ of habeas corpus. Johnson, a black man who pleaded guilty to first degree rape of a white woman while he was serving in the Air Force, contends that his plea was coerced by the ineffective assistance of his now-deceased trial counsel. Johnson alleges that counsel advised Johnson that he would not get a fair trial due to racial prejudice in Rapid City, South Dakota; failed to inform Johnson of various trial rights; failed to prepare for trial by interviewing Johnson's alibi witnesses; failed to seek a change of venue; and failed to conduct plea negotiations for a lesser sentence. Johnson further contends that the district court erred in refusing him an additional evidentiary hearing to expand upon the record developed at the hearing on his earlier habeas corpus petition in state court.
 
 
 3
 In an exhaustive twenty-five page opinion that thoroughly reviews the relevant facts and prior proceedings, the Magistrate Judge found that Johnson had failed to satisfy the prejudice prong of the ineffective assistance of counsel test, see Strickland v. Washington, 466 U.S. 668 (1984), first, because Johnson's decision to plead guilty "was prompted by his knowledge of his guilt, the strength of the state's case against him and the hope that by pleading guilty he might get a lighter sentence than if he stood trial," second, because "the likelihood of achieving a change of venue based solely upon race was very remote," and third, because the State was "not disposed to negotiate" its recommendation that Johnson receive the maximum sentence of twenty-five years in prison. After careful review of the record of all prior proceedings, we conclude that Johnson's petition for a writ of habeas corpus was properly denied for the reasons stated in the Magistrate Judge's opinion. See 8th Cir. R. 47B.
 
 
 4
 Johnson's contention that he should have been granted an additional evidentiary hearing to expand or embellish upon the record developed at his state habeas hearing is foreclosed by the Supreme Court's recent decision in Keeney v. Tamayo-Reyes, 112 S. Ct. 1715 (1992). Johnson has failed to show the requisite cause and prejudice for failing to adequately develop the facts in the state court proceedings.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri
 
 
 [1]
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, who accepted the findings and recommendations of the HONORABLE THOMAS PARKER, United States Magistrate Judge for the District of South Dakota